UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


TYSON N. WATSON,

                    Plaintiff,

v.                                    Case No. 3:08-cv-567-J-33MCR

PAUL C. DECKER, et al.

                    Defendants.

_____


## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding
pro se, initiated this action by filing a Civil Rights Complaint
(Doc. #1) (hereinafter Complaint) on June 5, 2008.  In the
Complaint, Plaintiff complains about his conditions of confinement
at Union Correctional Institution.

Plaintiff has filed a complaint that is fifty pages long and
names sixteen Defendants.[1]  It presents a long rambling narrative
of just about everything that has happened to Plaintiff at Union
Correctional Institution since April 6, 2007, including but not
limited to allegations of verbal abuse, physical abuse, legal
property issues, destruction of property, denial of access to the
inmate law library and inmate grievance process issues.

_____

[1] The style of the case does not include several of the
Defendants listed in the body of the Complaint.

If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process.[2] If the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint.  In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim.  The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number.

In the Complaint, Plaintiff requests that this Court issue a preliminary injunction ordering Defendants Decker and Hicks to reasonably respond to Plaintiff's threat of continuous serious injury by taking measures to ensure Plaintiff's safety, ordering Defendants Braden and Napier to make available or to return Plaintiff's personal property, ordering the Defendants to stop abusing and harassing Plaintiff and to refrain from any contact with Plaintiff personally or by third party, and restraining the Defendants from physically abusing Plaintiff and from contacting Plaintiff personally or by third party.

As an initial matter, it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules

---

[2] Plaintiff has failed to submit any service copies.

4.05 and 4.06.  Plaintiff failed to include a separate motion for injunctive relief. Rule 4.05(b).  Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c).  Additionally, he did not prepare a proposed form of temporary restraining order and/or preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.  Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons.  However, even assuming *arguendo* that Plaintiff properly filed a request for injunctive relief, the request contained within the complaint is due to be denied.  Plaintiff has completely failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury,[3] that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest.

---

[3] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). Plaintiff has not alleged operative facts that would lead this Court to believe that he is in imminent danger of irreparable injury. However, in an abundance of caution, this Court will direct that an immediate facsimile of this Order be sent to the Warden of Union Correctional Institution.

With respect to his civil rights action pursuant to 42 U.S.C. § 1983 now before this Court, this case will be dismissed due to the following deficiencies.  Plaintiff failed to advise the Court of his prior civil rights actions:  0:03-cv-61844 (S.D.Fla.); 0:03-cv-61845 (S.D.Fla.).  In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions.  <u>See</u> 28 U.S.C. § 1915(g).  Plaintiff also failed to provide service copies of his Complaint for each named Defendant. Finally, Plaintiff failed to either submit a fully completed Affidavit of Indigency to proceed as a pauper or to pay the $350.00 filing fee. Additionally, Plaintiff has attempted to file a Complaint concerning a large number of unrelated issues and matters.  As stated above, if the claims are unrelated, they should be addressed in separate complaints.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice.  However, in an abundance of caution, the Court will direct the Clerk to send a copy of the Complaint (Doc. #1) and this Order to the Warden of Union Correctional Institution for whatever action he deems appropriate in light of Plaintiff's claim that he is in grave danger.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED** without prejudice.

4

2.    The Clerk shall enter judgment dismissing this case without prejudice.

3.    The Clerk shall immediately send, via facsimile (386-431-2015), a copy of the Complaint and this Order to the Warden of Union Correctional Institution for whatever action he deems appropriate in light of Plaintiff's claim that he is in grave danger.

4.    The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2008.


_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


sa 6/10
c:
Tyson N. Watson
Warden, UCI (via facsimile)

5